# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

Bobbie Vaughn                                Civil Action No. 6:19-0293

versus                                       Judge Doughty

Hobby Lobby Stores, Inc.                     Magistrate Judge Carol B. Whitehurst

## RULING

This matter was removed from state court by defendant Hobby Lobby Stores, Inc. ("defendant"). Defendant contends that this Court has jurisdiction over this matter because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

Federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. 28 U.S.C.A. §1332. The person seeking to invoke federal court jurisdiction has the burden of proof to demonstrate at the outset of the litigation that the federal court has authority to hear the case. *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998). Therefore, the removing party bears the burden of showing that federal jurisdiction exists. *Manguno v. Prudential Property and Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002).

In a case like this one, in which the plaintiff does not seek recovery of a determinate amount in his petition, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *St. Paul Reinsurance*, 134 F.3d at 1253. To satisfy that burden, the party must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount. *Id* Federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. 28 U.S.C.A. §1332. The person seeking to invoke federal court jurisdiction has the burden of proof to demonstrate at the outset of the litigation that the federal court has authority to hear the case. *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998). Therefore, the removing party bears the burden of showing that federal jurisdiction exists. *Manguno v. Prudential Property and Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002).

On July 24, 2019, the undersigned conducted a telephone conference with counsel to discuss the jurisdictional amount, the Court having already concluded that the parties are diverse in citizenship. After discussion with counsel, it was ORDERED that the defendant file a supplemental brief in support of the

jurisdictional amount that contains the medicals recently disseminated between the parties.

The defendant filed its supplemental brief on the same day, and in its brief, outlines the medical expenses that the plaintiff has already incurred. In the brief, the defendant sets forth that the plaintiff was injured when a falling picture frame struck her in the head and shoulder area. She sustained a short period of loss of consciousness. Following the accident, the plaintiff treated with PM&R physician Dr. Robert Franklin, who diagnosed the plaintiff with cervical and thoracic strain, possible underlying spinal pathology, right shoulder pain, headaches, and probable concussion. Dr. Franklin noted that the MRI of the plaintiff's neck revealed facet arthropathy and disc bulge at C5-6. The plaintiff underwent 20 PT sessions from January 30, 2019 through April 19, 2019. Thereafter, the plaintiff treated with Dre. David Weir, a neurologist, for severe headaches and cognition problems. The plaintiff reported nausea, headaches, and dizziness, and she continues to have neck pain and right shoulder pain. Dr. Weir diagnosed the plaintiff with post traumatic headaches, nearly resolved with intermittent headaches, cervical pain with associated spasms and tenderness, and right shoulder pain with limited range of motion.

On August 13, 2018, the plaintiff treated with Carmalita Andrus, a nurse practitioner, to whom she reported panic attacks anytime she goes into a crowded

store or restaurant.  She also treated with Dr. John Sledge, an orthopedist, where she presented with neck pain radiating into the right shoulder and upper arm, which the plaintiff reported started after the incident at Hobby Lobby.  Dr. Sledge diagnosed the plaintiff with sprain of the ligaments in her cervical spine, impingement syndrome or the right shoulder, and cervical pain.

In this matter, the plaintiff seeks damages for past and future loss of earnings and/or earning capacity and future loss of enjoyment of life; as well as past and future medical expenses.  In all, the plaintiff alleges that she has incurred approximately $13,500.00 in medical expenses.  Cases involving similar injuries have been held to meet the jurisdictional amount, and the parties are in agreement that the amount in controversy in this matter satisfies the jurisdictional threshold. *See, e.g., Ezell v. Miranne*, 84 So.3d 641 (La. App. 5th Cir. 2011); *Zimmerman v. Progressive Ins. Co.*, 174 So.3d 1230 (La. App. 2nd Cir.), *writ denied*, 184 So.3d 35 (La. 2015).   *Clement v. Carbon*, 153 So.3d 460 (La. App. 5th Cir. 2014).

Considering the foregoing, the undersigned concludes the amount in controversy is satisfied in this case.

Thus done and signed this 27th day of August, 2019.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**