UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **BOBBIE VAUGHN** | **CASE NO. 6:19-CV-00293** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **HOBBY LOBBY STORES INC** | **MAGISTRATE JUDGE WHITEHURST** |

## PRETRIAL ORDER

Following pretrial proceedings in this cause pursuant to the procedure of this court, **IT IS ORDERED:**

A.

This is an action sounding in tort for personal injuries and damages brought by the plaintiff, Bobbie Vaughn, against the defendant, Hobby Lobby Stores, Inc. under La. R.S. 9:2800.6, Louisiana's Merchant Liability Act arising out of an accident that occurred on December 2, 2017 at the Hobby Lobby located at 5622 Johnston St., Ste. 200, in Lafayette, Louisiana.

B.

The parties and their legal relationships are as follows:

a. Bobbie Vaughn, plaintiff.

b. Hobby Lobby Stores, Inc., defendant.

C.

Subject matter jurisdiction is based upon diversity of citizenship jurisdiction under 28 U.S.C. § 1332, and removal to this court was made under 28 U.S.C. 1441.  Plaintiff, Bobbie Vaughn, is a domiciliary of the State of Louisiana.  Hobby Lobby Stores, Inc., is a company that was organized and exists under the laws of the State of Oklahoma and maintains a principal place of business in the State of Oklahoma.

D.

The following facts are stipulated by the parties and require no proof:

a. Hobby Lobby Stores, Inc. is a merchant as contemplated by R.S. 9:2900.6(C)(2).

E.

The contested facts are:

**Plaintiff's Contested Issues of Fact:**

1. The plaintiff contends she sustained injuries as a result of the accident;

2. The plaintiff contends that as a result of this accident, she has required medical treatment for the injuries sustained therein;

3. The plaintiff contends that as a result of this accident, she will require future medical treatment for the injuries sustained therein;

4. The plaintiff contends that as a result of this accident, she has lost wages as a result of the injuries sustained therein;

5. The plaintiff contends that as a result of this accident, she suffered, and continues to suffer, general damages as a result of her accident related injuries;

**Defendant's Contested Issues of Fact:**

1. Defendant contends the placement of the picture frame on the shelf did not present an unreasonable risk of harm which was reasonably foreseeable;

2. Defendant contends that no Hobby Lobby employee caused the subject picture frame to fall from the shelf;

3. Defendant contends that it had no notice of any issues with the picture frame or its placement on the shelf, prior to it allegedly falling from the shelf;

4. Defendant contends that it had no constructive notice of any issues with the picture frame or its placement on the shelf, prior to it allegedly falling from the shelf;

5. Defendant contends that Hobby Lobby Stores, Inc. exercised reasonable care.

6. Defendant contends that Plaintiff's actions or the actions of another customer on the aisle at the time of the accident caused the merchandise to fall;

7. Defendant contends that Plaintiff is solely liable for the alleged injuries and/or is comparatively at fault for the alleged injuries;

8. The defendant contends plaintiff's alleged symptoms and injuries were not caused by the incident at Hobby Lobby;

9. Defendant contends that the subject frame, which allegedly hit plaintiff and weighed less than 1.6 pounds, was not heavy enough to cause a brain injury;

10. Defendant contends that Plaintiff did not suffer a brain injury because she did not suffer a loss of consciousness or an alteration in consciousness following the incident;

11. Defendant contends that the subject incident was not the type of incident that can cause Post-Traumatic Stress Disorder as defined by the DSM-5 Diagnostic Criteria.

12. Defendant contends that Plaintiff's alleged anxiety was not caused by the subject accident and pre-existed the subject accident;

13. Defendant contends that Plaintiff's alleged night terrors were not caused by the subject accident;

14. Defendant contends that any alleged ongoing symptoms are related to the combination of medication for which she is prescribed;

15. Defendant contends that plaintiff's alleged orthopedic issues are unrelated to the accident.

16. Defendant contests the nature and extent of any injury suffered by plaintiff as a result of the incident at Hobby Lobby;

17. Defendant contests the nature and extent of the past and future medical specials claimed by plaintiff;

18. Defendant contends that plaintiff will not require future treatment;

19. Defendant contends that plaintiff did not suffer any lost wages as a result of this incident, has not lost future wages, and/or suffered a loss of earning capacity;

20. Defendant contests the nature and extent of any general damages claimed by plaintiff; and

21. Defendant contends that plaintiff was at fault and/or comparatively at fault for the accident.

F.

The contested issues of law to be determined by the Court:

**Plaintiff's Contested Issues of Law:**

1. The plaintiff contends the defendant was solely at fault for causing this accident; and

2. The amount of damages due to the plaintiff is in dispute.

**Defendant's Contested Issues of Law:**

1. Defendant contends it did not cause this accident and is not at fault;

2. Defendant contends plaintiff was at fault and/or comparatively at fault for causing this accident;

3. Defendant contends plaintiff is not entitled to damages, or alternatively, disputes the amount of damages Plaintiff is claiming.

4. In addition to the application of La. R.S. 9:2800,6, Louisiana's falling merchandise law is applicable to this case, as promulgated by *Davis v. Wal-Mart Stores, Inc.*, 00-445 (La. 11/28/100); 774 So.2d 84, 90.

G.

The following depositions and answers to interrogatories will be offered in evidence by Plaintiff:

**Plaintiff:**

Depositions:
1. Deposition Transcript of Bobbie Vaughn taken on June 1, 2020;
2. Deposition Transcript of Dawn Neil taken on June 3, 2020;
3. Deposition Transcript of Janice Broussard taken on June 3, 2020;
4. Deposition Transcript of Michelle Savoy taken on June 2, 2020;
5. Deposition Transcript of Cody Broussard taken on August 10, 2020;
6. Deposition Transcript of Dr. David Weir taken on September 11, 2020;
7. Deposition Transcript of Dr. Joni Orazio taken on November 20, 2020;
8. Deposition Transcript of Caley Vaughn taken on November 24, 2020;
9. Deposition Transcript of Todd Newberg taken on April 13, 2021;
10. Deposition Transcript of Dr. Jessica Boudreaux to be taken on January 7, 2021;
11. Deposition Transcript of Dr. Patrick Hayes taken on December 11, 2020;
12. Deposition Transcript of Lacy Sapp taken on December 8, 2020;
13. Deposition Transcript of James Reaux taken October 16, 2020;
14. Deposition Transcript of Paul Azar, II (date to be determined);

15. Deposition Transcript of Dr. Shelly Savant taken on November 3, 2020;
16. Deposition Transcript of Dr. Angela Langlinais taken on March 25, 2021.

**Plaintiff:**

Interrogatories:
1. Hobby Lobby Stores, Inc.'s Answers to Interrogatories and Responses to Request for Production of Documents with attachments, provided on August 5, 2019; and,
2. Plaintiff's Answers to Interrogatories and Responses to Request for Production of Documents with attachments, provided on August 20, 2019.

The following depositions and discovery may be offered into evidence by Defendant:

**Defendant:**

Depositions:

Although defendant intends to use all deposition transcripts for impeachment purposes, defendant intends to call all of our witnesses live at this time. In the event our experts (Dr. Patrick Hayes, Dr. Archie Melcher, Lacy Sapp, or Ed Comeaux) are unable to appear live at trial, we will call them by deposition.

    a. Bobbie Vaughn taken on June 1, 2020;
    b. Michelle Savoy taken on June 2, 2020;
    c. Dawn Neil taken on June 3, 2020;
    d. Janice Broussard taken on June 3, 2020;
    e. Cody Broussard taken on August 10, 2020;
    f. James Reaux taken October 16, 2020;
    g. Dr. Shelly Savant taken on November 3, 2020;
    h. Dr. David Weir taken on November 11, 2020;
    i. Patrick J. Dauterive taken on November 18, 2020;
    j. Dr. Joni Orazio taken on November 23, 2020;
    k. Caley Vaughn taken on November 24, 2020;
    l. Lacy Sapp taken on December 8, 2020;
    m. Dr. Patrick Hayes taken on December 11, 2020;
    n. Dr. Angela Langlinais taken on March 25, 2021.
    o. Todd Newberg to be taken on April 13, 2021;
    p. Dr. Paul Azar, II (date to be determined);
    q. Dr. Jessica Boudreaux (date to be determined);
    r. Dr. Kevin Hargrave (date to be determined);

**Defendant:**

Any and all discovery responses of Plaintiff, including, but not limited to:

Discovery Responses:

1. Hobby Lobby Stores, Inc.'s Answers to Interrogatories and Responses to Request for Production of Documents with attachments, produced on August 5, 2019; and,
2. Plaintiff's Answers to Interrogatories and Responses to Request for Production of Documents with attachments, produced on August 20, 2019.
3. Any responses to outstanding discovery.

H.

There is no objection to the exhibits on the attached lists, except as follows:

Plaintiff objects to Plaintiff's exhibits as follows:

a. Plaintiff objects on grounds that the discovery is hearsay and not admissible.
(Defendants' Exhibit #2)

b. Plaintiff objects on grounds that the picture frames do not include the actual glass and are not an adequate representation of the object which caused the injury to Vaughn.
(Defendants' Exhibit #8)

c. Plaintiff objects to any and all selected portions of medical records to the extent said medical records include information related to collateral source or have any other information which is overly prejudicial or has been excluded by this Court through other motions.
(Defendants' Exhibit #10)

d. Plaintiff objects to any and all deposition transcripts to be used in lieu of live testimony, plaintiff does recognize transcripts may be used for impeachment purposes.
(Defendants' Exhibit #11)

e. Plaintiff objects on grounds of relevance; moreover, the employment relationship between Mr. Dauterive and Ms. Vaughn is overly prejudicial and lacks any probative value.
(Defendants' Exhibit #12)

f. Plaintiff objects on the grounds that these insurance records are overly prejudicial and are being submitted merely to show the plaintiff has made claims before or has had claims made against her. The records are also hearsay.
(Defendants' Exhibit # 13, 14, 15, 16, 17)

    g. Plaintiff objects to the employment records from Edward Jones as these are hearsay and contain overly prejudicial about plaintiff.
(Defendants' Exhibit #19)

    h. Plaintiff objects to the admissibility of any and all expert reports as they are hearsay.
(Defendants' Exhibit # 20, 21, 22, 23)

Defendant objects to Plaintiff's exhibits as follows:

    a. Medical Recap on the basis that there is no foundation that this summary is what it purports to be and accuracy. Additionally, the Medical Recap should not be admitted into evidence as an exhibit and instead, should be used for demonstrative purposes only (Plaintiff's Exhibit No. 9);

    b. Witness Statement of Yolanda Franklin taken on 4/6/17 on basis of relevance, hearsay, and for reasons stated in Motion in Limine (Plaintiff's Exhibit No. 8);

    c. Pre-accident and post-accident photographs of Plaintiff on grounds of prejudice, relevance, and accuracy (Plaintiff's Exhibit Nos. 19, 20).

    d. Deposition transcripts of Dawn Neil, Janice Broussard, Michelle Savoy, Cody Broussard, Caley Vaughn, and Todd Newberg (unless stipulated in advance by the parties) on grounds of hearsay. However, this does not include an objection to the use of deposition transcripts for impeachment purposes (Plaintiff's Exhibit Nos. 23, 24, 25, 26, 29, 30).

    e. Defendant does not object to the introduction of a trial perpetuation deposition for Dr. David Weir, Dr. Joni Orazio, Dr. Jessica Bourdeaux, James Reaux, Dr. Paul Azar, Dr. Shelly Savant, or Dr. Angela Langlinais being noticed in lieu of live appearance at trial, but defendant does object to discovery deposition transcripts being introduced on grounds of hearsay. (Plaintiff's Exhibit Nos. 27, 28, 31, 34, 35, 36, 37).

    f. Witness statements of Janice Broussard, Cody Broussard, and Michelle Savoy on grounds of hearsay (Plaintiff's Exhibit No. 1).

I.

This is a ☒ jury or ☐ non-jury case. (In a jury case, indicate whether the jury trial is applicable to all aspects of the case or identify those issues which will be tried by the jury.) Anticipated length of trial is 5 days.

J.

The issue of liability ☐ should or ☒ should not be tried separately from that of quantum.

K.

The undersigned hereby certify that this Pretrial Order has been formulated after ☐ face-to-face or ☒ telephone conference in which trial counsel for all parties were included. Reasonable opportunity has been afforded to counsel for corrections or additions, prior to signing. Hereafter, this Order shall control the course of the trial and may not be amended except by consent of the parties and the Court, or by the order of the Court to prevent manifest injustice.

APPROVED AS TO FORM AND CONTENT:

Respectfully submitted,

BROUSSARD & DAVID, LLC


*/s/ Jerome H. Moroux*

JEROME H. MOROUX (#32666)
SCOTT M. RICHARD (#36643)
557 Jefferson Street
P.O. Box 3524
Lafayette, Louisiana 70502-3524
PH: 337-233-2323
FX: 337-233-2353
EMAIL: jerome@broussard-david.com
COUNSEL FOR PLAINTIFF

Respectfully submitted,

/s/ *Kathryn T. Trew*
PETER J. WANEK (23353)
KATHRYN T. TREW (34116)
LINDSAY G. FAULKNER (33863)
WANEK KIRSCH DAVIES LLC
1340 Poydras St., Ste. 1810
New Orleans, LA 70112
Telephone: (504) 324-6493
Facsimile: (504) 324-6626
ATTORNEYS FOR DEFENDANT
*Hobby Lobby Stores, Inc.*

ACTION BY THE COURT

THE FOREGOING Pretrial Order has been approved by the parties to this action as evidenced by the signature of their counsel hereon, and the Order is hereby entered and will govern in the trial of this case.

_____, Louisiana, this _____ day of _____, 2021.

_____
UNITED STATES MAGISTRATE JUDGE