UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOBBIE VAUGHN | * | |
|     Plaintiff | * | |
| | * | CASE NO. 6:19-00293 |
| VERSUS | * | |
| | * | JUDGE DOUGHTY |
| | * | |
| HOBBY LOBBY | * | MAGISTRATE WHITEHURST |
| STORES, INC. | * | |
|     Defendant | * | JURY DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT'S PRE-TRIAL MEMORANDUM

MAY IT PLEASE THE COURT:

Now comes Defendant, Hobby Lobby Stores, Inc., who respectfully submits the following Pre-Trial Memorandum in anticipation of trial presently set to begin June 14, 2021.

**I. CONTESTED ISSUES OF LAW**

Plaintiff claims that there is a contested issue of law regarding whether Hobby Lobby is liable[1] pursuant to La. R.S. 9:2800.6 and Louisiana's falling merchandise law, which requires that plaintiff prove: 1) that she did not cause the merchandise to fall; 2) that another customer in the aisle at the moment did not cause the merchandise to all; and 3) that Hobby Lobby was negligent. *Davis v. Wal-Mart*, 00-0445 (La. 11/28/00); 774 So.2d 84. Stated another way, **in addition to**

---

[1] It is Defendant's position that this is not a contested issue of law as it appears that both parties agree that Louisiana's Falling Merchandise Law is applicable here. Instead, it is Plaintiff's argument that it believes that Hobby Lobby should be found liable applying the "facts" to the law. However, this is not a contested issue of law to be determined by the Court and instead the issue presented by the Plaintiff in her pre-trial memorandum—whether or not Plaintiff presents enough evidence to meet her burden of proving liability at trial—is a determination to be made by the <u>jury</u> following the trial of this matter.

1

**proving all of the elements of negligence** against Hobby Lobby (including *causation*), Plaintiff must also prove that: 1) she did not cause the merchandise to fall; and 2) that another customer in the aisle at the moment did not cause the merchandise to fall. Plaintiff's Pre-Trial Memorandum does not contain evidence to prove all aspects of liability by a preponderance of the evidence.

Additionally, Plaintiff argues in her Pre-Trial Memorandum that Hobby Lobby "has produced no evidence suggesting that the Plaintiff in any way caused the merchandise" to fall, then proceeds to use that as an inference that Defendant is exclusively liable. However, this is not Defendant's burden to prove. As stated above in *Davis*, it is Plaintiff's burden of proof to show that she did not cause the merchandise to fall. Thus, Plaintiff is incorrectly attempting to shift the burden of proof for this element to the Defendant.

Further, to the contrary, the testimony of Michele Savoy (current employee) and Cody Broussard (former employee) will establish that the employees did NOT *cause* the merchandise to fall on Ms. Vaughn. Mr. Broussard will testify that he STOPPED stocking after he saw Mrs. Vaughn enter the aisle and before the incident occurred. Both Michele and Cody will testify that the incident did not occur where he was stocking and instead occurred further down the adjacent aisle. Finally, Cody and Michele will testify that there was a vertical shelf barrier separating the aisle and which they were stocking and the adjacent aisle so that they could not have caused merchandise on an adjacent aisle to fall off a shelf while stocking. For these reasons, Mrs. Vaughn will not meet her burden of proving that the incident was *caused* by any alleged negligence of Hobby Lobby.

## II. OUTSTANDING DISCOVERY ISSUES

Defendant granted Plaintiff an extension until May 5, 2021 for the production of outstanding supplemental discovery requests.

## III. OBJECTIONS TO TRIAL DEPOSITIONS

No trial depositions have been taken in this case.

Respectfully submitted,

/s/ *Kathryn T. Trew*
PETER J. WANEK (23353)
KATHRYN T. TREW (34116)
LINDSAY G. FAULKNER (33863)
WANEK KIRSCH DAVIES LLC
1340 Poydras St., Ste. 1810
New Orleans, LA 70112
Telephone: (504) 324-6493
Facsimile: (504) 324-6626
ATTORNEYS FOR DEFENDANT
*Hobby Lobby Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was filed electronically on the 3rd day of May, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *Kathryn T. Trew*