# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| **BOBBIE VAUGHN** | **CIVIL ACTION NO. 6:19-cv-00293** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **HOBBY LOBBY STORES, INC.** | **MAG. JUDGE CAROL WHITEHURST** |

## RULING

This is an action sounding in tort for personal injuries and damages brought by the plaintiff, Bobbie Vaughn ("Vaughn" or "Plaintiff"), against the defendant, Hobby Lobby Stores, Inc. ("Hobby Lobby" or "Defendant") under La. R.S. 9:2800.6, Louisiana's Merchant Liability Act. Pending here is an omnibus Motion in Limine [Doc. No. 33] filed by Vaughn.  Hobby Lobby has filed an opposition [Doc. No. 48].  Vaughn has filed a reply to the opposition [Doc. No. 69].

For the following reasons, Vaughn's motion is GRANTED IN PART and DENIED IN PART.

## I.      FACTS AND PROCEDURAL HISTORY

This lawsuit arises out of an accident that occurred on December 2, 2017, at the Hobby Lobby located in Lafayette, Louisiana.  Vaughn contends that as she was shopping in the store, Hobby Lobby employees (including the store manager) were stocking the top shelves of the aisle adjacent to the aisle where she was shopping. As the employees were stocking items, they allegedly pushed picture frames located on the top of the shelf, causing several frames to fall onto the other side and strike Vaughn.

Vaughn asserts that she has suffered severe and life altering injuries as a result of this accident.  Specifically, she asserts that she has suffered significant injuries to her neck, including radiating pain into her right arm, and, further, she has suffered from debilitating headaches and anxiety since this accident.

On November 20, 2018, Vaughn filed suit against Hobby Lobby in the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana.  On March 7, 2019, the lawsuit was removed to this Court [Doc. No. 1].

Vaughn presents twenty-four (24) subparts in her motion in limine for the Court's consideration.  The Court will consider each in turn.

## II.   Applicable Law and Analysis

### A.   Applicable Law

#### 1.   Motions in Limine

A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.  *Mathis v. Pinnacle Entm't, Inc.,* CIV.A. 11-2199, 2014 WL 2880217, at *5 (W.D. La. June 23, 2014) (quoting *Bocalbos v. Nat'l W. Life Ins. Co*., 162 F.3d 379 (5th Cir. 1998)).

#### 2.   Relevancy Under the Federal Rules of Evidence

The essential prerequisite of admissibility is relevance.  *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981) (Citing FED. R. EVID. 402).   Rule 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FED. R. EVID. 401.   Evidence which is not relevant is not admissible.  FED. R. EVID. 402. Implicit in the above definition are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action.  *Hall*, 653 F.2d at 1005.   Whether a proposition is of consequence to the determination of the action is a question that is governed by the substantive law.  Simply stated, the proposition to be proved must be part of the hypothesis governing the case a matter that is in issue, or probative of a matter that is in issue, in the litigation.  *Id*.

Moreover, pursuant to Rule 403 of the Federal Rules of Evidence, the Court may exclude evidence that satisfies the above requirements for relevancy "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED R. EVID. 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  FED R. EVID. 403, 1972 Advisory Committee Note.

**B.    Analysis**

**1.    Vaughn's family's history of mental illness**

Vaughn objects to any evidence of mental illness, including depression, that has been experienced by anyone related to her.  She asserts that Hobby Lobby may seek to introduce evidence of such mental illness in an effort to show her present anxiety and associated mental health issues were not caused by this accident but were in reality genetic. She argues that the introduction of evidence regarding a family member's medical history would be improper particularly where there has been no medical opinion offered in support of the contention that,

because a family member had mental illness, then more probably than not a related person's mental illness is genetic, rather than caused by an accident. She states this would serve only to prejudice the jury, citing Federal Rules of Evidence 401-403.

Vaughn argues, moreover, that Louisiana law would prohibit the use of a non-party's medical history and medical records in this case because the use of such information would violate the health care provider-patient privilege, which is codified in Louisiana Code of Evidence article 510 and La R.S. 13:3715.1. As this request seeks to introduce evidence of the medical information pertaining to non-parties, the non-party patients must either consent or appear at a rule to show cause why the medical records should be produced before any production can be had.

Hobby Lobby responds that this request for exclusion is overly broad inasmuch as Vaughn claims that, as a result of the subject incident, she suffers from: 1) Post-traumatic headaches and migraines; 2) a traumatic brain injury which causes her to experience word-finding difficulty and decreases her ability to concentrate/focus; 3) Post-traumatic stress disorder, leading to panic attacks/anxiety and night terrors; 4) neck pain; and 5) shoulder pain. Since Vaughn claims that she suffers several mental conditions as a result of the accident, Hobby Lobby asserts that argument of a family history of mental illness is highly relevant to the issue of medical causation. Specifically, the mental health history of Vaughn's family is relevant to whether her mental conditions were caused by the incident or were pre-existing.

Hobby Lobby argues that, in the case of *In Re Accutane Products Liability Litigation*, 8:05-cv-926-T-30TBM, 2006 WL 1281598 at*n.8 (M.D. Fla. May 9, 2006), the Middle District of Florida noted "the court does not dispute that the psychological or psychiatric history of the immediate family members may be relevant to the theory of alternative causation the Defendants propose. Indeed, as Defendants note, the court has permitted the mental and emotional health

4

history of plaintiff family members in *Bishop v. Hoffman-LaRoche, Inc.*, Case No. 8:02-cv-1533-T-30TBM."

Vaughn replies that Hobby Lobby has offered no medical opinion that her anxiety, PTSD, and other accident-related mental illnesses are causally related to a history of family mental illness. Vaugh additionally argues that the Florida case relied on by Hobby Lobby is not only non-binding, but the district court actually ruled against permitting the familial history of psychiatric illness to be admitted, citing a Wisconsin law that parallels Louisiana's statute prohibiting disclosure of non-party's medical records.  Vaughn concludes that Hobby Lobby should not be permitted to rely on the medical histories of non-parties to advance its medically unsubstantiated theory of causation.

The Court finds that Hobby Lobby has produced no medical opinion suggesting that, just because someone has a family history of mental illness, they will acquire that mental illness. Therefore, Hobby Lobby has not shown how evidence of Vaughn's family history of mental illness could be relevant to the issue of causation.  Further, the Court is reluctant to place the medical history of non-parties at issue.  Finally, the probative value of such evidence is substantially outweighed by the likelihood of confusing the issues or wasting time at trial.

Accordingly, Subpart (1) to Vaughn's motion in limine seeking the exclusion of any evidence of mental illness, including depression, that has been experienced by anyone related to her, is GRANTED, and that evidence is EXCLUDED.

### 2.     Evidence of Vaughn's Husband's Disability

Vaught states that her husband was injured a number of years ago in a work-related accident and was rendered disabled as a result of the same. However, he is not making a loss of consortium claim and is not a party to this lawsuit. Therefore, Vaughn argues that any facts or evidence related to the nature of his disability, or the circumstances leading up to his disability,

have little to no probative value and are therefore irrelevant. Vaughn concludes that no mention should be made with respect to her husband's status as being disabled nor should any mention be made with respect to the circumstances which caused the said disability, citing Federal Rules of Evidence 401-403.

Hobby Lobby responds that it is agreeable to the exclusion of facts and circumstances of Vaughn's husband's workplace injury. However, Hobby Lobby objects to exclusion of the fact that Vaughn's husband is disabled.  Although Vaughn has claimed mental conditions including anxiety and panic attacks as a result of this incident, Vaughn's mother testified in her deposition that following Vaughn's husband's disability, additional stress was put on Vaughn because she had to "start doing everything." [Janice Broussard Depo., Doc. No. 48-2, p. 4].  Hobby Lobby argues that this evidence is relevant and significantly probative to the issue of causation and whether the incident in Hobby Lobby caused the anxiety alleged or whether it was the result of the additional strain put on Vaughn after her husband's disability.

The Court finds that it would mislead the jury to not give them all information regarding the stressors in Vaughn's life when asking them to make a decision about the source of her anxiety. Accordingly, because Hobby Lobby is agreeable, to the extent Vaughn objects to evidence of the facts and circumstances of her husband's workplace injury, Subpart (2) to her motion is GRANTED IN PART and that evidence is EXCLUDED.  However, to the extent Vaughn objects to any evidence of the fact that her husband is disabled, Subpart (2) to her motion is DENIED IN PART, and that evidence is ADMISSIBLE.

### 3. Evidence of Vaughn's Children's Medical Condition

Vaughn objects to evidence that her children have been diagnosed with attention deficit disorder ("ADD") for the same reasons she gave for objecting to evidence of her family's history

of mental illness, in motion in limine No. 1 above.  She argues that, just because her children have been diagnosed with ADD, does not mean that her diagnosis of ADD is unrelated to this accident.

Hobby Lobby responds that Vaughn alleges that she suffered from decreased concentration (a symptom of ADD) due to this accident and that she began taking ADD medication following the accident to improve her ability to focus/concentrate. Hobby Lobby argues that, as such, the evidence that her children are also diagnosed with ADD is clearly relevant to whether Plaintiff's mental conditions pre-existed the subject incident at Hobby Lobby.

The Court finds that, similar to the Court's reasoning above as to Subpart (1), in the absence of medical opinion suggesting that, just because someone's children has ADD, they are likely to acquire ADD, such evidence would be irrelevant to the issue of causation.  Further, the Court is reluctant to place the medical history of non-parties at issue.  Finally, the probative value of such evidence is substantially outweighed by the likelihood of confusing the issues or wasting time at trial.

Accordingly, Subpart (3) to Vaughn's motion in limine is GRANTED, and evidence that her children have been diagnosed with attention deficit disorder ("ADD") is EXCLUDED.

### 4.    Prior Complaints of Workplace Harassment

Vaughn objects to any evidence about a prior instance of workplace harassment she allegedly endured by her prior employer, Patrick Dauterive ("Dauterive"). Vaughn asserts that, though this instance of workplace harassment is in no way related to this lawsuit, and despite the harassment having occurred years before this incident, Hobby Lobby took the deposition of Dauterive to learn more about this complaint. She contends that the testimony offered by Dauterive and the entirety of the facts surrounding this pre-accident instance of harassment has absolutely no probative value with respect to this case; that the facts of the harassment and the facts of this case

are wholly unrelated; and that any reference to or mention of this prior occasion of harassment should be prohibited as it would not assist the trier of fact in any way and would result in undue prejudice to the plaintiff, citing Federal Rules of Evidence 401-403.

Hobby Lobby responds that Vaughn has placed her mental health and history thereof in this controversy by claiming her panic attacks and anxiety were caused by the incident in Hobby Lobby. Vaughn's medical records establish that she complained of anxiety to her medical providers on multiple occasions before the incident; however, according to Hobby  Lobby, in an attempt to "explain away" the prior anxiety, Vaughn claims that her prior anxiety was merely "situational" anxiety related to alleged harassment she underwent at her prior job. Specifically, Plaintiff testified at her deposition that her prior history of anxiety was situational from 2007-2009, due to workplace harassment from her former boss, Dauterive.  She testified that she had no prior panic attacks before working for him.

Hobby Lobby thus asserts that it has the right to rebut this assertion that Vaughn's prior anxiety was merely "situational" with the testimony of Dauterive himself, who will testify that he did not sexually harass Plaintiff. Hobby Lobby concludes that, not only is evidence regarding the sexual harassment relevant to medical causation as it relates to Vaughn's claims of anxiety, it is also relevant to credibility as impeachment evidence.

The Court finds that, ordinarily evidence of prior claims of sexual harassment would not be relevant in a personal injury action. However, Vaughn has placed her mental health, and history thereof, in controversy by claiming her panic attacks and anxiety were caused solely by the accident in Hobby Lobby.

If, at trial, Vaughn testifies that her prior anxiety was merely "situational" anxiety related to alleged harassment she underwent at her prior job, then she has opened the door to Hobby Lobby presenting the entirety of the facts surrounding this alleged pre-accident instance of harassment.

Accordingly, Subpart (4) to Vaughn's motion is DENIED.

### 5.      Disability Payments

Vaughn objects to any reference to disability payments made to her husband or children.

Hobby Lobby does not oppose this request.

Accordingly, Subpart (5) to Vaughn's motion in limine is GRANTED, and evidence of disability payments made to Vaughn's husband or children is EXCLUDED.

### 6.      Size and/or Weight of Picture Frames

Vaughn asserts that any mention or reference to the size and/or weight of the picture frames that struck her should be prohibited. She states that Hobby Lobby has produced no medical evidence that the weight of these picture frames has anything to do with whether they were the cause of her injuries. She argues that, if Hobby Lobby is permitted to discuss the weight of the frames, the result would be undue prejudice to her because the finder of fact may be misled into concluding that a picture frame that weighs only a certain amount cannot cause these injuries. She concludes that permitting reference to or mention of the size or weight of the frames would only serve to confuse the jury.

Hobby Lobby responds that the size and weight of the picture frame or frames that struck Vaughn is a fact that is highly relevant to the case, as it will assist the jury in determining whether her alleged brain injury, PTSD, headaches, and neck injury are related to the accident. Hobby Lobby additionally states that it has produced the expert report of Dr. Archie Melcher, a board-certified neurologist, and that, in formulating his opinion that Vaughn did not experience a

concussion or traumatic brain injury as a result of the subject accident, Dr. Melcher relied on Vaughn's medical records, witness depositions, and a personal examination of the picture frame that allegedly struck Vaughn, noting its height, width, and weight.

The Court finds that the height and weight of the frames are clearly relevant facts for the jury to consider in making the critical determination of whether the frames did in fact cause Vaughn's alleged injuries.  Additionally, this information is relevant to and was relied upon by Dr. Melcher in formulating his expert opinion.

Accordingly, Subpart (6) to Vaughn's motion in limine is DENIED.

### 7.      The Adverse Effect of a Judgment on Hobby Lobby

Vaughn objects to any evidence, questions, or comments suggesting or implying that Hobby Lobby will be adversely affected by any judgment entered in this case, or that Hobby Lobby may not be able to pay any such judgment.  Vaughn further objects to any suggestion or implication that there is not sufficient insurance to protect Hobby Lobby.  Vaughn argues that this evidence is irrelevant and immaterial to this case and will prejudice the jury.

Hobby Lobby does not oppose this request.

Accordingly, Subpart (7) to Vaughn's motion in limine is GRANTED, and evidence suggesting or implying Hobby Lobby will be adversely affected by any judgment rendered in this case, or will be unable to pay such judgment, or does not have insurance, is EXCLUDED.

### 8.      Any Reference to Social Security Administration Proceedings

Vaughn objects to any reference to Social Security Administration proceedings for benefits, whether related to this accident or otherwise.

Hobby Lobby does not oppose this request.

Accordingly, Subpart (8) to Vaughn's motion in limine is GRANTED, and any reference to Social Security Administration proceedings for benefits is EXCLUDED.

### 9.    The Collateral Source Rule

Vaughn objects to any reference to any payments or non-payments of medical expenses, invoices, or treatment by a collateral source, including but not limited to, insurance benefits, loans or other financial assistance from counsel, or workers' compensation benefits.

Hobby Lobby responds that Vaughn's request is premature and overbroad.  Hobby Lobby does not contest that the collateral source rule is applicable to these proceedings. Hobby Lobby asserts, however, there are exceptions to the collateral source rule, and, thus, such evidence must be evaluated on a case-by-case basis. For example, the collateral source rule does not apply to the following medical payments: payments made by Medicaid, charitable discounts, or discounts on treatment granted to an attorney paying for such treatment. *Hoffman v. 21st Century N. Am. Ins. Co.*, 2014-2279 (La. 10/2/15); 209 So. 3d 702, 704. Further, collateral source payments are relevant for impeachment purposes. *Bonck v. Cajun Operating Co*., No. 17-3814, 2018 WL 7199630, at *2 (E.D. La. Dec. 19, 2018) (Lemmon, J. (*citing Landry v. Haye*, 2015 WL 13037311, at *3 (W.D. La. Mar. 24, 2015); *Turcich v. Baker*, 594 So. 2d 505, 508 (La. Ct. App. 1992) (payments by attorney for medical treatment relevant for impeachment purposes where plaintiff testifies that reason for gap-in-treatment was inability to pay for such treatment).

The Court finds that Vaughn's request is premature and overbroad.  The Court will exclude evidence that is subject to the collateral source rule.  However, the Court will address any objection on a case-by-case basis, after considering whether any alleged exception is applicable or whether the evidence is relevant for impeachment purposes.

Accordingly, Subpart (9) to Vaughn's motion in limine is DENIED.  Vaughn may re-urge her objection at trial as evidence is presented.

### 10.        Prior Bad Acts, Convictions, Arrests, Etc.

Vaughn objects to any mention of prior bad acts, convictions, arrests, prison time, or probation with respect to herself.

Hobby Lobby responds that this request for exclusion is overbroad and premature. Federal jurisprudence and Federal Rules of Evidence 404 and 609 sets out circumstances when evidence of prior bad acts and convictions are relevant and admissible. Specifically, Rule 404 permits other-acts evidence for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Further, Rule 609 permits admission of conviction of certain crimes in the prior ten years for impeachment purposes.

The Court finds that Vaughn points to no particular evidence that she seeks to exclude. Therefore, this Court cannot determine whether the evidence of such prior bad act and/or crime is admissible or inadmissible under Federal Rules of Evidence 404 and 609.

Accordingly, Subpart (10) to Vaughn's motion is limine is DENIED.

### 11.        Reference to the Fact a Motion in Limine was Filed

Vaughn objects to any reference to the fact that this motion in limine was filed.

Hobby Lobby does not oppose this request.

Accordingly, Subpart (11) to Vaughn's motion in limine is GRANTED, and any reference to the fact that this motion in limine was filed is EXCLUDED.

### 12.     Financial Status of Vaughn's Counsel

Vaughn objects to any comment, inference, evidence, testimony, or document concerning the financial status, resources, or net worth of her attorney on the grounds such evidence offers no probative value and would serve only to prejudice her.

Hobby Lobby responds that, although this objection is vague, it is apparently aimed at evidence that Vaughn did not undergo certain treatment because her attorney was concerned that he "won't likely get return on investment."  [Plaintiff's Timeline, Doc. No. 48-4, p. 18]. Vaughn prepared a timeline with respect to the events that occurred after the Hobby Lobby accident and produced a copy of that timeline to her treating Psychiatrist, Dr. Joni Orazio. Therein, Vaughn documented that she would not be able to obtain a service dog for treatment of her alleged PTSD because her attorney "won't likely get a return on investment." [*Id*.].

 Hobby Lobby's position is that this evidence is relevant to show that Vaughn's course of treatment has been dictated, at least in part, by the ability for plaintiff's counsel to "get [a] return on investment," and by the veracity of Vaughn's claim and need for the treatment she underwent. Hobby Lobby states it does not seek to introduce inherently private financial information of Vaughn's counsel, but it reserves the right to introduce facts and evidence regarding a "refusal to pay" for something recommended for Vaughn because there would not be a "return on investment."

The Court finds that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice to Vaughn.

Accordingly, Subpart (12) of Vaughn's motion in limine is GRANTED, and any comment, inference, evidence, testimony, or document concerning the financial status, resources, or net worth of her attorney is EXCLUDED.

### 13.      Attorney/Client Privilege

Vaughn objects to any mention of any transactions between herself and her attorney(s), including conversations therewith and all transactions connected thereto. In this connection, Vaughn claims the attorney-client privilege should be excluded pursuant to Federal Rule of Evidence 502.   Vaughn makes no reference to any particular transaction or communication between herself and her counsel.

Hobby Lobby objects to this request as being overbroad and premature.

The Court finds that Vaughn's request is overbroad and premature. Evidence that falls within the attorney-client privilege is generally inadmissible at trial. However, there are exceptions to this rule, such as in the case of a waiver of the privilege when the privileged communication is disclosed to a third party. *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 (5th Cir. 1999) (When relayed to a third party that is not rendering legal services on the client's behalf, a communication is no longer confidential, and thus it falls outside the reaches of the attorney-client privilege).

Here, because Vaughn did not provide the Court with the specific evidence which she seeks to exclude pursuant to the attorney client privilege, this Court cannot evaluate whether any such evidence should be excluded as privileged or whether such privilege has been waived.

Accordingly, Subpart (13) of Vaughn's motion in limine is DENIED.

### 14.      Recovery of Judicial Interest

Vaughn objects to any reference to the recovery of judicial interest because it would prejudice her in the event the jury lowered their award of damages to include anticipated judicial interest.

Hobby Lobby does not oppose this request.

Accordingly, Subpart (14) to Vaughn's motion in limine is GRANTED, and any reference to the recovery of judicial interest is EXCLUDED.

### 15.    Federal Income Tax

Vaughn objects to any reference or mention as to the taxability of a judgment in her favor against Hobby Lobby. By permitting Hobby Lobby to raise this issue, Vaughn argues that the jury may be misled into awarding fewer damages than that to which she is entitled simply because she will not have to pay taxes on such an award.

Hobby Lobby responds that, although it will not introduce any evidence into the record at trial that the award is not subject to federal income tax, it will request that the jury be instructed that any award will not be subject to federal income taxes.

The Court notes that neither side offers any authority for their respective positions. However, Section 18.1 of the Louisiana Civil Law Jury Instructions provides:

> Also, any amount which you might award to the plaintiff is not income within the meaning of the income tax laws. If you decide to make an award, follow the instructions I have given you, and do not add or subtract from that award on account of federal or state income taxes. In other words, if you find that the plaintiff is entitled to damages, the amount which you award should be the sum that you think will fully and fairly compensate the plaintiff for his injuries, without regard to what he may pay his attorney or the amount that you might think would be paid in income taxes.

Hobby Lobby states that it will request that this instruction be provided to the jury, and it is a correct statement of the law. *See Logan v. Westfield Ins. Co*., No. 17-29, 2020 WL 412207, at * 8 (W.D. La. Jan. 23, 2020).

Accordingly, Subpart (15) to Vaughn's motion in limine is DENIED.

### 16.     Funding by Annuities

Vaughn objects to any comment, inference, evidence, testimony, or document that mentions or alludes that any recovery by Vaughn may be funded into an annuity. Vaughn contends this information is of virtually no probative value and is highly prejudicial.

Hobby Lobby does not oppose this request.

Accordingly, Subpart (16) to Vaughn's motion in limine is GRANTED, and any comment, inference, evidence, testimony, or document that mentions or alludes that any recovery by Vaughn may be funded into an annuity is EXCLUDED.

### 17.     Adverse Financial Impact to Jurors

Vaughn objects to any comment, inference, evidence, testimony, or document tending to suggest, in any way, that the jurors would be damaged or financially hurt if an adverse judgment against Defendants is awarded in this case.  Vaughn contends this information has virtually no probative value and is highly prejudicial.

Hobby Lobby does not oppose this request.

Accordingly, Subpart (17) to Vaughn's motion in limine is GRANTED, and any comment, inference, evidence, testimony, or document tending to suggest, in any way, that the jurors would be damaged or financially hurt if an adverse judgment against Defendants is awarded in this case, is EXCLUDED.

### 18.     Adverse Impact on Insurance Premiums

Vaughn objects to any mention of the possible effect or result of a claim, suit, or judgment upon insurance rates, premiums, or charges, either generally or as particularly applied to any party in question, as a result of this or any other matter. Vaughn contends this information has virtually no probative value and is highly prejudicial.

Hobby Lobby does not oppose this request.

Accordingly, Subpart (18) to Vaughn's motion in limine is GRANTED, and any mention of the possible affect or result of a claim, suit, or judgment upon insurance rates, premiums, or charges is EXCLUDED.

### 19.   Evidence Precluded by the Court

Vaughn objects to Hobby Lobby inquiring about, mentioning or referencing any testimony, testing, scientific evidence, exhibits or other evidence that has been previously excluded by the Court since this would have the effect of reopening arguments in front of the jury that have already been decided by the Court. Moreover, Vaughn objects to Defendants inquiring about, mentioning, inferring or referencing any way, any adverse rulings by this Court, or suggesting in any way that any rulings by this Court have somehow prejudiced the Defendant or their counsel as such a reference possesses virtually no probative value and conversely would result in substantial prejudice.

Hobby Lobby does not oppose this request.

Accordingly, Subpart (19) to Vaughn's motion in limine is GRANTED, and any mention or reference to any testimony, testing, scientific evidence, exhibits or other evidence that has been previously excluded by the Court, as well as any reference to any adverse rulings, is EXCLUDED.

### 20.   Unrelated Injuries or Illnesses

Vaughn contends that Hobby Lobby should be prohibited from mentioning or alluding to any of her unrelated injuries or illnesses unless it can be shown that such unrelated injuries or illnesses have some relevance to any issue to be decided by this jury. Vaughn contends, further, that Hobby Lobby should be prohibited from mentioning or alluding to whether or not she has ever

sustained prior or subsequent injuries, illnesses, or disabilities to any part of the body, except those parts of the body which sustained injuries as a result of the accident made the basis of this lawsuit.

Hobby Lobby objects to Vaughn's request for exclusion as overbroad and premature because she asks this Court to exclude reference to "unrelated" injuries or illnesses without reference to any particular injury or illness for the Court to make an evaluation as to whether such injury or illness is relevant and admissible under Federal Rules of Evidence 401 and 403.

Alternatively, Hobby Lobby contends the motion in limine should be denied as the prior injuries are relevant to medical causation and extent of injury.  Hobby Lobby cites *McConathy v. Wal-Mart Louisiana, LLC*, No. CV 17-0622, 2018 WL 4558994, at*2 (W.D. La. Sept. 21, 2018), where this Court denied plaintiff's motion to exclude evidence of plaintiff's prior injuries, holding that evidence of plaintiff's prior injuries is admissible for purposes of establishing plaintiff's general health condition prior to the subject accident. Hobby Lobby also cites *Cormier v. Ace Am. Ins. Co.*, No. 6:18-CV-01104, 2020 WL 5806528, at*2 (W.D. La. Sept. 28, 2020), where this Court denied plaintiff's motion to exclude evidence of any prior claims for money for injuries, stating that such evidence may be relevant to show that plaintiff's injuries were caused by a prior accident.

Hobby Lobby further contends this evidence is admissible for impeachment purposes. Specifically, Hobby Lobby argues that, as noted by the Middle District of Louisiana in *Ramsey v. Pepsi Cola Bottling Co.*, No. CV 05-284-M2, 2007 WL 9710783, at*1 (M.D. La. Apr. 16, 2007), a review of Louisiana jurisprudence, wherein evidence of prior injuries and claims have been admitted, indicates that courts typically admit such evidence where it goes to a plaintiff's credibility (i.e. the plaintiff has denied any prior claims or injuries, and the defendant uses such evidence to prove otherwise and impeach the plaintiff) and/or to the issue of causation.

Vaughn replies that the introduction of evidence of unrelated illnesses or injuries should not be admitted because they would serve only to confuse the jury and would offer little to no probative value. Additionally, Vaughn urges that Hobby Lobby should not be permitted to introduce evidence of decades old injuries or illnesses that are so attenuated from this accident that no causal connection could be drawn between the accidents resulting from this injury and those injuries which the plaintiff may have sustained years prior.

The Court finds that evidence of Vaughn's prior accidents, injuries, and medical conditions may be relevant to show her medical condition prior to this accident, as her medical records indicate a history of many of the same issues that she is claiming were caused by this incident, including anxiety, depression, panic attacks, night terrors, among other things. Furthermore, evidence of her prior accidents, injuries, and medical conditions may become relevant for other purposes, including potentially impeachment, depending on her trial testimony.

Accordingly, Subpart (20) to Vaughn's motion in limine is DENIED.

### 21.     Photographs, Etc., not Furnished to Plaintiff

Vaughn requests that Hobby Lobby be prohibited from mentioning or alluding to or attempting to demonstrate to the jury any photographs, movies, videotapes, audiotapes, or similar displays without first tendering such displays to Vaughn's counsel for the purpose of permitting any appropriate objection pursuant to the Federal Rules of Evidence.

Hobby Lobby objects to this motion in limine to the extent it seeks to exclude impeachment evidence in the form of photographs, movies, and videos.

The Court does not construe this request to be an attempt by Vaughn to exclude impeachment evidence. Rather, Vaughn is asking that Hobby Lobby be required to first tender

photographs and similar displays to her counsel for the purpose of permitting any appropriate objection under to the Federal Rules of Evidence.[1]

Pursuant to Rule 103(d) of the Federal Rules of Evidence, "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." To facilitate this objective and allow for an orderly presentation of the evidence, the Court does not admit exhibits *in globo*. The parties must offer, file, and introduce evidence through the appropriate witness or procedure. Therefore, before displaying any exhibit for the jury, the attorneys should show the proposed exhibit to opposing counsel to allow opposing counsel the opportunity to make an appropriate objection if necessary. Further, the parties are to list and identify exhibits in the Pretrial Order unless used solely for impeachment.

Accordingly, Subpart (21) to Vaughn's motion in limine is GRANTED and Hobby Lobby is prohibited from mentioning or alluding to or attempting to demonstrate to the jury  photographs and similar items, without first tendering such item to Vaughn's counsel for the purpose of permitting any appropriate objection pursuant to the Federal Rules of Evidence.

### 22.    Obama Care, Medicaid, Medicare

Vaughn objects to any references to "Obama Care" or Medicare or other secondary payer program that she has received, been entitled to receive, will receive, or will become entitled to receive.  She contends benefits of any kind or character should be prohibited as any reference to the same possesses virtually no probative value and conversely would result in substantial prejudice.

---

[1] Hobby Lobby's contention that it need not give notice of evidence to be used solely for impeachment will be addressed in the Court's ruling on Subpart (23) to Vaughn's motion in limine below.

Hobby Lobby responds that this request is premature as Vaughn has not produced any specific evidence that she seeks to have excluded for this Court to evaluate whether it falls within the collateral source rule or an exception thereto. Hobby Lobby further states that, while it has no general objection to this request, to the extent that Vaughn is found to be a Medicaid recipient, this fact is admissible for purposes of inapplicability of the collateral source rule. "Where the plaintiff pays no enrollment fee, has no wages deducted, and otherwise provides no consideration for the collateral source benefits he receives, we hold the plaintiff is unable to recover the 'write-off' amount." *Bozeman v. State*, 2003-1016 (La. 7/2/04), 879 So.2d 692, 705.

The Court will exclude evidence that is subject to the collateral source rule. However, the Court will address any objection on a case-by-case basis, after considering whether any alleged exception is applicable.

Accordingly, Subpart (22) to Vaughn's motion in limine is DENIED. Vaughn may re-urge her objection at trial as evidence is presented, if necessary.

### 23.    Impeachment Evidence Not Given Timely

Vaughn objects to any impeachment evidence that was not shared with her prior to trial, citing *Chiasson v. Zapata Gulf Marine Corp*., 988 F.2d 513, 515 (5th Cir.1993), cert. denied, 114 S.Ct. 1536 (1994).

Hobby Lobby responds that this request is overbroad and premature. Hobby Lobby further contends that impeachment evidence must only be disclosed if it is also substantive, citing *Chiasson*, *supra*, and *Caskey v. Man Roland, Inc*., 83 F.3d 418 (5th Cir. 1996), (affirming admission of impeachment evidence not disclosed before trial where the evidence did not possess the substantive value at issue in *Chiasson*.)

21

The Court notes that "substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact."  *Chiasson*, 988 F.2d at 517.  "Impeachment evidence, on the other hand, is that which is offered to discredit a witness ... to reduce the effectiveness of [the] testimony by bringing forth evidence which explains why the jury should not put faith in [the] testimony.'" [*Id.*] The Fifth Circuit "has made clear that some evidence serves both substantive and impeachment functions and thus should not be treated as 'solely' impeachment evidence." *Olivarez v. GEO Grp., Inc*., 844 F.3d 200, 204 (5th Cir. 2016) (citing *Chiasson*, 988 F. 2d at 517). Evidence that serves both substantive and impeachment functions must be disclosed before trial under Federal Rule of Civil Procedure 26(a)(1).

At present, the Court cannot rule on the admissibility of any impeachment evidence that was not disclosed.

Accordingly, Subpart (23) to Vaughn's motion in limine is DENIED.  Vaughn may re-urge her objection at trial as evidence is presented, if necessary.

### 24.      References to Prior Settlements by Plaintiff

Vaughn objects to any references to prior settlements made by her in unrelated lawsuits or claims. She asserts that reference to the fact that she has in the past settled a claim, or reference to the fact that she has been compensated in the past for an unrelated claim, contains no probative value and would serve only to prejudice her and/or confuse the jury.

Hobby Lobby does not oppose this request.

Accordingly, Subpart (24) to Vaughn's motion in limine is GRANTED, and any references to prior settlements made by her in unrelated lawsuits or claims is EXCLUDED.

### III.     Conclusion

For these foregoing reasons, Vaughn's omnibus Motion in Limine [Doc. No. 33] is

**GRANTED IN PART** and **DENIED IN PART**.

MONROE, LOUISIANA, this 17th day of May, 2021.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**