UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **BOBBIE VAUGHN** | **CIVIL ACTION NO. 6:19-cv-00293** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **HOBBY LOBBY STORES, INC.** | **MAG. JUDGE CAROL WHITEHURST** |

**RULING**

This is an action sounding in tort for personal injuries and damages brought by the plaintiff, Bobbie Vaughn ("Vaughn" or "Plaintiff"), against the defendant, Hobby Lobby Stores, Inc. ("Hobby Lobby" or "Defendant") under La. R.S. 9:2800.6, Louisiana's Merchant Liability Act. Pending here is a Motion in Limine [Doc. No. 34] filed by Hobby Lobby. Vaughn has filed an opposition [Doc. No. 42]. Hobby Lobby has filed a reply to the opposition [Doc. No. 63].

For the following reasons, Hobby Lobby's motion is GRANTED.

**I.      FACTS AND PROCEDURAL HISTORY**

This lawsuit arises out of an accident that occurred on December 2, 2017, at the Hobby Lobby located in Lafayette, Louisiana. Vaughn contends that as she was shopping in the store, Hobby Lobby employees (including the store manager) were stocking the top shelves of the aisle adjacent to where she was shopping. As the employees were stocking items, they allegedly pushed picture frames located on the top of the shelf, causing several frames to fall onto the other side and strike Vaughn.

Vaughn asserts that she has suffered severe and life altering injuries, as a result of this accident. Specifically, she asserts that she has suffered significant injuries to her neck, including radiating pain into her right arm, and, further, she has suffered from debilitating headaches and

anxiety since this accident.

On November 20, 2018, Vaughn filed suit against Hobby Lobby in the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana. On March 7, 2019, the lawsuit was removed to this Court [Doc. No. 1].

Hobby Lobby seeks to exclude evidence of a prior incident in which merchandise allegedly fell from a shelf, injuring another customer, at the same Hobby Lobby store. The motion is fully briefed, and the Court is prepared to rule.

**II.     Applicable Law and Analysis**

    **A.     Applicable Law**

        **1.     Motions in Limine**

A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds. *Mathis v. Pinnacle Entm't, Inc.,* CIV.A. 11-2199, 2014 WL 2880217, at *5 (W.D. La. June 23, 2014) (quoting *Bocalbos v. Nat'l W. Life Ins. Co*., 162 F.3d 379 (5th Cir. 1998)).

        **2.     Relevancy Under the Federal Rules of Evidence**

The essential prerequisite of admissibility is relevance. *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981) (Citing FED. R. EVID. 402). Rule 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED. R. EVID. 401. Evidence which is not relevant is not admissible. FED. R. EVID. 402. Implicit in the above definition are two distinct requirements: (1) the evidence must be probative

of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action. *Hall*, 653 F.2d at 1005. Whether a proposition is of consequence to the determination of the action is a question that is governed by the substantive law. Simply stated, the proposition to be proved must be part of the hypothesis governing the case a matter that is in issue, or probative of a matter that is in issue, in the litigation. *Id*.

Moreover, pursuant to Rule 403 of the Federal Rules of Evidence, the Court may exclude evidence that satisfies the above requirements for relevancy "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED R. EVID. 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED R. EVID. 403, 1972 Advisory Committee Note.

**B.     Analysis**

As indicated above, Vaughn alleges that she was injured on December 2, 2017, when Hobby Lobby employees, who were stocking the top shelves of the aisle adjacent to the one she was shopping on, pushed picture frames located on the top of the shelf, causing several frames to fall onto the other side and strike her. Here, Hobby lobby seeks to exclude evidence that, on April 6, 2017, Yolanda Franklin ("Franklin"), another Hobby Lobby customer, was struck by falling merchandise at the same Hobby Lobby store. Franklin wrote in a customer incident report, "Folding serving tray on shelve(sic) while reach for something on shelve it fell and I try to catch it before it fell on my head because it had glass." [Franklin Customer Incident Report, Doc. No. 34-2].

3

Hobby Lobby asserts that, even if this alleged other incident had some marginal relevance, it should still be excluded on Rule 403 grounds because its probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury. Hobby Lobby further asserts that this alleged other incident should be excluded under Rule 404(b)(1), because evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Hobby Lobby states that, in *Reddin v. Robinson Prop. Grp. Ltd. P'ship*, 239 F.3d 756, 760 (5th Cir.2001), the Fifth Circuit upheld the trial court's granting of defendant's motion to exclude evidence of a subsequent fall, by a different patron, in the area where the incident occurred. The Court in *Reddin* stated, "[I]n order for such evidence to be admissible the party offering same bears the burden of demonstrating that 'the accidents involved substantially similar circumstances.'" [*Id.*].

Hobby Lobby asserts that, here, Vaughn alleges that a picture frame fell on her when store employees on another aisle pushed the frames off the shelf on the other side. The incident with Franklin, on the other hand, occurred eight months earlier, and involved a "folding serving tray" and a different customer, who has no connection to the instant case. Hobby Lobby argues that, from the customer's own description of the accident, it seems as though Franklin herself caused the merchandise to fall while she was reaching for something.

Hobby Lobby contends that an incident occurring well before the instant case, involving a completely different product, which the customer caused to fall, bears no relevance to the case at hand. The fact that a different piece of merchandise may have fallen from a shelf eight months before this incident does not make it more or less probable that Vaughn's alleged incident occurred.

As stated in Fed. R. Evid. 404(b)(1), Vaughn cannot use evidence of this "other act" to show Hobby Lobby acted in accordance with that behavior in the instant case.

Even assuming this prior incident bears any probative value, Hobby Lobby contends that it would be substantially outweighed by its prejudicial effect, confusion of the issues, and misleading of the jury. Hobby Lobby concludes that here, as in *Reddin*, these alleged accidents did not involve "substantially similar circumstances."

In response, Vaughn contends that the prior accident is substantially similar to her accident and that its admission into evidence is highly probative and proper. In support of her contention, Vaughn shows that both accidents took place in the same year; both accidents took place under the same conditions, i.e., in a climate controlled building and indeed the same Hobby Lobby store; both accidents occurred in a substantially similar way, i.e., merchandise fell from a higher shelf on a display and struck the injured parties from above; and both of the accidents resulted in injury. Vaughn argues that these factors are sufficient under Louisiana law to permit the admission of this prior accident into evidence.

Vaughn refers the Court to *Jones v. Hancock Holding Co.*, 2010 U.S. Dist. LEXIS 60042, at *4 (M.D. La. June 17, 2010), where the plaintiff was injured while attempting to exit a mis-leveled elevator stuck between floors at the defendant's building. 2010 U.S. Dist. LEXIS 60042, at *3. In anticipation of trial, the defendants sought to exclude evidence of the elevator's prior malfunctioning, and the testimony of a third party who worked on the third floor of the building who had first-hand knowledge of the elevator's prior malfunction, which included instances of occupants being trapped in the elevator due to similar malfunctions. *Id*. However, the court determined these prior instances of malfunction were admissible, noting the following:

> [T]he reported events occurred at the same place (elevator within the Hancock Building), under substantially the same conditions

5

>(climate controlled building), within a reasonable time span (within one year of the defect alleged in the instant suit), and were caused by similar defects (elevator malfunctions). Therefore, Defendant's Motion in Limine, insofar as it seeks to exclude evidence of subsequent and prior elevator malfunctions, is denied.

*Id*. at *5.

Therefore, according to Vaughn, the prior accident sought to be excluded by Hobby Lobby meets the same criteria as that sought to be excluded by the defendants in *Jones*. Further, given the substantial similarity between the accident made the subject of this claim and the accident involving Franklin, evidence of this prior accident should be permitted to show prior knowledge of a dangerous condition. Vaughn thus concludes that Hobby Lobby's motion should be denied.

Hobby Lobby replies that the only similarities between the instant case and *Jones*, are that the incidents occurred within the same year and inside a climate-controlled building, and that the remaining details are easily distinguishable.

The court finds that *Jones* does not present an analogous scenario. *Jones* pertains to a malfunctioning elevator. Clearly, evidence showing a particular elevator was known to be defective, and testimony indicating multiple prior instances of the same defect trapping occupants inside, would be relevant and admissible evidence to establish the defendant's knowledge of that defect. Here, however, the prior incident and the subject incident involved different shelves and different merchandise, inside a retail outlet that contains hundreds of shelves and thousands of items. The defective elevator in *Jones* and two unrelated objects falling from different shelves represent entirely different scenarios.

Additionally, Vaughn's unspecified alleged defect bears no resemblance to a distinct mechanical defect causing repeated malfunctions in the same elevator. Vaughn's main theory of the case appears to be that Hobby Lobby workers on an adjacent aisle caused the pictures to fall

on her, not that the shelving or the picture frames were themselves defective. Another difference between *Jones* and the incidents at issue here, is the likelihood that the customer in the prior incident caused the object to fall as she was reaching for another item.

With regard to Vaughn's argument that evidence of the prior incident shows Hobby Lobby had prior knowledge of a particular condition, it is unclear how the prior incident involving a different item falling from a different shelf was supposed to impart knowledge to Hobby Lobby that the subject picture frames in a different part of the store were likely to fall months later. Whereas, in *Jones*, it was readily foreseeable that an elevator known to be defective could cause future injuries. Thus, the prior incident here played no role in providing Hobby Lobby "knowledge of a particular condition" or that items can fall from shelves.

The Court concludes that the prior incident involving Franklin is not substantially similar to the incident involving Vaughn. The Court further concludes that the incident involving Franklin has no probative value here, is highly prejudicial, is not relevant, and therefore should not be admissible at trial.

Accordingly, Hobby Lobby's Motion in Limine [Doc. No. 34] is GRANTED, and any reference to an incident that occurred on April 6, 2017, involving Yolanda Franklin at the subject Hobby Lobby store is EXCLUDED.

MONROE, LOUISIANA, this 19th day of May, 2021.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**