UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| BOBBIE VAUGHN | CIVIL ACTION NO. 6:19-cv-00293 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| HOBBY LOBBY STORES, INC. | MAG. JUDGE CAROL WHITEHURST |

### RULING

This is an action sounding in tort for personal injuries and damages brought by the plaintiff, Bobbie Vaughn ("Vaughn" or "Plaintiff"), against the defendant, Hobby Lobby Stores, Inc. ("Hobby Lobby" or "Defendant") under La. R.S. 9:2800.6, Louisiana's Merchant Liability Act. Pending here is a Motion in Limine [Doc. No. 38] filed by Hobby Lobby. Vaughn has filed an opposition [Doc. No. 43].

For the following reasons, Hobby Lobby's motion is DENIED.

**I.    FACTS AND PROCEDURAL HISTORY**

This lawsuit arises out of an accident that occurred on December 2, 2017, at the Hobby Lobby located in Lafayette, Louisiana. Vaughn contends that, as she was shopping in the store, Hobby Lobby employees (including the store manager) were stocking the top shelves of the aisle adjacent to where she was shopping. As the employees were stocking items, they allegedly pushed picture frames located on the top of the shelf, causing several frames to fall onto the other side and strike Vaughn.

On November 20, 2018, Vaughn filed suit against Hobby Lobby in the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana. On March 7, 2019, the lawsuit was removed to this Court [Doc. No. 1].

Vaughn asserts that, as a result of this accident, she has suffered injuries including neck pain, shoulder pain, and a mild traumatic brain injury ("TBI"). Significant to the pending motion, Vaughn alleges that her injuries resulted in past and future loss of earnings and/or earning capacity.

Hobby Lobby seeks to exclude any testimony or reference to Vaughn's alleged loss of wages or earning capacity on the grounds it would be prejudicial to Hobby Lobby, result in confusion of the issues, mislead the jury, and waste time.

The motion is fully briefed, and the Court is prepared to rule.

## II. APPLICABLE LAW AND ANALYSIS

### A. Applicable Law

#### 1. Motions in Limine

A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds. *Mathis v. Pinnacle Entm't, Inc.,* CIV.A. 11-2199, 2014 WL 2880217, at *5 (W.D. La. June 23, 2014) (quoting *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379 (5th Cir. 1998)).

#### 2. Relevancy Under the Federal Rules of Evidence

The essential prerequisite of admissibility is relevance. *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981) (Citing FED. R. EVID. 402). Rule 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FED. R. EVID. 401. Evidence which is not relevant is not admissible. FED. R. EVID. 402. Implicit in the above definition are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action. *Hall*, 653 F.2d at 1005. Whether a proposition is of consequence to the determination of the action is a question that is governed by the substantive law. Simply stated, the proposition to be proved must be part of the hypothesis governing the case a matter that is in issue, or probative of a matter that is in issue, in the litigation. *Id*.

Moreover, pursuant to Rule 403 of the Federal Rules of Evidence, the Court may exclude evidence that satisfies the above requirements for relevancy "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED R. EVID. 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED R. EVID. 403, 1972 Advisory Committee Note.

**B.     Analysis**

Hobby Lobby asserts that in her discovery responses, Vaughn indicated she was not in possession of information documenting how much time she lost from work and the amount of lost wages or earnings she incurred, but that she would provide said information upon receipt. [Vaughn's Discovery Responses, Doc. No. 38-3, Answer to Interrogatory No. 8]. However, Vaughn has failed to supplement her discovery responses with any of the aforementioned information.

Hobby Lobby further asserts that, during her deposition, Vaughn testified that she is employed by Edward Jones as a senior branch office administrator and has been with Edward Jones for eighteen years; that she doesn't know how much income she claims to have lost as a result of her injuries; she doesn't know how many days of work she missed due to her alleged injuries; that Edward Jones would have records of when she missed work and reasons why she missed work; that since 2017, the year of the incident, her income rose in 2018, and rose again in 2019; that her year-end reviews with her supervisor in 2017, 2018, and 2019 have been outstanding; and that her supervisor has never indicated to her that her job performance or attendance has been an issue. [Vaughn Depo., Doc. No. 38-2]

Hobby Lobby additionally contends that Vaughn's Payroll Registers from Edward Jones show that her gross pay never decreased following the incident, but rather continued to gradually increase. [Vaughn's Payroll Register, Doc. No. 38-4] Additionally, Vaughn's Performance Reviews from Edward Jones were rated "Outstanding" each year following the accident through 8/1/20. [Vaughn's Performance Reviews, Doc. No. 38-5].

Hobby Lobby submits that, not only is it apparent that Vaughn has been able to continue to work performing the same job as she performed before the incident, she has likewise not produced any opinion of a vocational rehabilitation expert to opine as to what types of post-injury jobs Vaughn can perform, and the earnings from these jobs, needed to establish a claim for loss of earning capacity. Additionally, Vaughn has not produced the expert opinion of an economic expert to assist her in making calculations regarding her alleged lost wage claim. Finally, she has not produced any documentation to support her economic claims. Hobby Lobby therefore concludes that, because Vaughn lacks the evidence necessary to prove such claims, any discussion of these claims should be excluded.

The legal basis cited by Hobby Lobby for the exclusion of Vaughn's economic claims is Fed. R. Evid. Rule 403, which permits the Court to exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Hobby Lobby states that the pertinent reasons for excluding Vaughn's economic claims here would be confusion of the issues, misleading the jury, and wasting time.

Vaughn responds that she has testified in her deposition that, as a result of this accident, she has suffered a diminished ability to perform her job. She further states that Todd Newberg ("Newberg"), her employer, also testified that he personally has witnessed her ability to perform her job diminish before his eyes. Newberg testified that while Vaughn's performance in 2017 was outstanding, ever since, her job performance has steadily deteriorated, describing this as a "slow but steady" "downhill spiral." [Newberg Depo., Doc. No. 43-2, p. 43]. Put another way, since this accident, Newberg testified that "emotionally speaking, physically speaking, it's kind as if she's kind of evaporating." [*Id*., p. 45].

Vaught further responds that, in spite of her clear and marked physical and emotional deterioration since this accident, Newberg has continued to provide her with meager cost of living raises. [*Id*., p. 44]. For example, in the fall of 2018, she was given a raise of .58 cents per hour to account for a 3% cost of living increase. [*Id*.]. This increase for cost of living is essentially "baked in" to year end reviews and is not equivalent to a merit-based increase in compensation that may be given at the discretion of a branch manager. [*Id*., p. 68].

Finally, Vaughn responds that Hobby Lobby in reality is asking the Court to virtually dismiss all claims brought by Vaughn for economic damages. Vaughn asserts that the granting of this Motion would be inappropriate, however, because the deadlines for filing dispositive motions

has passed and the purpose of a motion in limine is not to dispose of claims; rather, it is meant to address evidentiary issues ahead of trial. Because the entirety of Hobby Lobby's Motion in Limine consists of argument as to why Vaughn cannot prove such claims, and because these determinations are reserved for the finder of fact (i.e. the jury), Vaughn concludes that the Motion should be denied.

The Court agrees with Vaughn that Hobby Lobby has improperly utilized a means of excluding evidence as a dispositive motion. The purpose of a motion in limine is to exclude anticipated prejudicial evidence before the evidence is actually offered. *Vanoil Completion Sys., LLC v. PTC Do Brasil Tecnologia Em Petroleo Ltda*, 2020 U.S. Dist. LEXIS 223893, at *5 (W.D. La. Nov. 30, 2020) (citing *Luce v. United States*, 469 U.S. 38, 40, (1984). In this regard, motions in limine "do not to address matters redressable through a 12(b)(6) motion to dismiss or a motion for summary judgment." *Painter v. Suire*, 2014 U.S. Dist. LEXIS 139040, at *2 (M.D. La. Sep. 30, 2014). Accordingly, when motions in limine seek the dismissal of claims, they are improper and should be denied. *Id*.

Here, Hobby Lobby seeks to essentially dismiss any claims for economic damages asserted by Vaughn. It argues that the evidence will show Vaughn increased her earnings since the accident and that any future loss of earnings suffered by Vaughn requires proof by expert testimony, which she does not have. These arguments are proper only in the context of a 12(b)(6) motion or a motion for summary judgment. Because the deadline for dispositive motions has passed, the relief sought by Hobby Lobby is wholly inappropriate.

Setting aside the impropriety of the Motion, Vaughn is permitted to prove her lost wage claims through her own testimony and Newberg's testimony. Under Louisiana law, a plaintiff need not rely on expert testimony in proving economic loss. While expert testimony may be useful in

proving these claims, a plaintiff may successfully prove an economic loss through her own testimony. *Parker v. Delta Well Surveyors, Inc.*, 2000-1121 (La. App. 4 Cir. 05/02/01); 791 So.2d 717, 721 ((citing *Sherlock v. Berry*, 487 So. 2d 555 at 558 (La. App. 4th Cir. 1986)). While the plaintiff bears the burden of proving such damages, where there is no basis for a precise mathematical calculation of a lost wage claim, the trier of fact can award a reasonable amount of damages without abusing its discretion. *Burrell v. Williams*, 2005-1625 (La. App. 1st Cir. 6/9/06), 938 So. 2d 694, 701.

Vaughn intends to introduce her employment records and the testimony of her employer to substantiate her wage loss claims. Vaughn is entitled to present this evidence to the jury, which is then responsible for making the determination of whether she has met her burden of proving she has suffered economic loss. However, the only matter at issue on a motion in limine is the exclusion of prejudicial evidence before trial. If the jury determines that Vaughn failed to prove she is entitled to past or future lost wages, then they are the proper adjudicating body to make that decision.

### III. CONCLUSION

The Court concludes that Hobby Lobby's request for the *de facto* dismissal of Vaughn's economic loss claims is an improper attempt to dispose of claims beyond the deadlines set forth in this Court's scheduling order. The Court further finds that Vaughn may offer her own testimony in support of wage loss claims as well as her employment records.

Accordingly, Hobby Lobby's Motion in Limine [Doc. No. 38] is **DENIED.**

MONROE, LOUISIANA, this 20th day of May, 2021.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**

7